17-4140-cr
*United States v. Campos*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand nineteen.

PRESENT:    JOHN M. WALKER, JR.,
            DENNY CHIN,
            RICHARD J. SULLIVAN,
                *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                *Appellee,*

            v.                                          17-4140-cr

CHRISTOPHER CAMPOS,
                *Defendant-Appellant.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                       SAGAR K. RAVI, Assistant United States
                                    Attorney (Dina McLeod, Won S. Shin,

---

[*]     The Clerk of the Court is directed to amend the official caption to conform to the above.

Assistant United States Attorneys, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:    DANIEL D. BARNES, Chiesa Shahinian & Giantomasi PC, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant-appellant Christopher Campos appeals from a judgment entered December 11, 2017, convicting him, following a jury trial, of wire fraud, bank fraud, and conspiracy to commit wire and bank fraud, in violation of 18 U.S.C. §§ 1343, 1344, and 1349. Campos was sentenced principally to a term of 30 months' imprisonment on each count, to run concurrently, followed by three years of supervised release.

The evidence at trial established that Campos, a lawyer, recruited "straw buyers" to purchase multiple vehicles, purportedly for personal use, financed by fraudulently obtained bank loans, for use in a livery cab business. On appeal, Campos challenges (1) the sufficiency of the evidence as to whether Campos had the requisite "intent to defraud," and (2) the admissibility of (a) the testimony of two witnesses, and

(b) certain excerpts of recorded conversations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

## I. Sufficiency of Evidence

The government presented sufficient evidence that Campos participated in the conspiracy with an intent to defraud, and thus the district did not err in denying his motion for acquittal on this basis. This Court reviews a sufficiency of the evidence challenge *de novo*, "but defendants face a heavy burden, as the standard of review is exceedingly deferential." *United States v. Baker*, 899 F.3d 123, 129 (2d Cir. 2018) (internal quotation marks omitted). The evidence must be viewed in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility. *See id.*; *see also United States v. Santos*, 541 F.3d 63, 70 (2d Cir. 2008) ("When a defendant challenges the sufficiency of the evidence in a conspiracy case, deference to the jury's findings is especially important . . . because a conspiracy by its very nature is a secretive operation, and it is a rare case where all aspects of a conspiracy can be laid bare in court with the precision of a surgeon's scalpel" (internal quotation marks omitted)). "A judgment of acquittal can be entered 'only if the evidence that the defendant committed the crime alleged is nonexistent or so meager' that no 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Taylor*, 816 F.3d 12, 22 (2d Cir. 2016) (quoting *United States v. Espaillet*, 380 F.3d 713, 718 (2d Cir. 2004)).

Campos's contention that the evidence "leans heavily toward innocence," Appellant's Br. at 25, is unpersuasive given the cumulative evidence of his participation in, and attempts to cover up, the conspiracy. For instance, the government presented evidence, including the testimony of coconspirators, that: (1) Campos was present at a February or March 2013 meeting where he overheard discussion of the scheme and expressed interest in the same; (2) Campos recruited his wife, cousin, and an associate as straw buyers to purchase multiple cars for use in the livery business even though the loan applications falsely stated that the vehicles were for personal use by the borrowers; (3) Campos wrote a note to a car dealership with instructions to use a New York address for his wife's car loan applications although Campos and his wife lived in New Jersey; and (4) Campos wrote a letter misrepresenting to a bank the nature of his legal representation of a straw buyer to conceal the scheme. Thus, viewed as a whole, the evidence undercuts Campos's assertion that there was no evidence that he had knowledge of the fraud. *See Ocasio v. United States*, 136 S. Ct. 1423, 1429 (2016) (reasoning that "[t]he government does not have to prove that the defendant intended to commit the underlying offense himself/herself" because one coconspirator's conduct is attributable to another coconspirator if each acted to facilitate the crime (internal quotation marks omitted)).

Moreover, Campos took the stand and denied knowledge of the scheme. The jury rejected his testimony as well as his defense of good faith; and he has shown

no basis to question the jury's findings.  *See Baker*, 899 F.3d at 130 ("'We will not attempt to second-guess a jury's credibility determination on a sufficiency challenge,' particularly when . . . trial counsel already presented these same credibility arguments to the jury." (quoting *United States v. Florez*, 447 F.3d 145, 156 (2d Cir. 2006)).  Accordingly, the jury's verdict was supported by the evidence.

## II.     Admissibility of Evidence

We review a district court's decision to exclude evidence at trial for abuse of discretion.  *See United States v. Coplan*, 703 F.3d 46, 80 (2d Cir. 2012).  Campos contests two of the district court's evidentiary rulings: first, the decision to bar testimony from two defense witnesses pursuant to Federal Rules of Evidence 401 and 403, and second, the exclusion of certain audio recordings of conversations between Campos and a straw buyer pursuant to Rule 106.  Campos's evidentiary challenges fail in both respects.

### a.     Admission of Defense Witnesses' Testimony

The district court did not abuse its discretion in excluding the testimony of the two proposed defense witnesses.  To be relevant, evidence must have a "tendency to make a fact more or less probable" and "the fact [must be] of consequence in determining the action."  Fed. R. Evid. 401.  Under Rule 403, "[r]elevant evidence may be excluded 'if its probative value is substantially outweighed by a danger of . . . unfair prejudice.'"  *United States v. Litvak*, 889 F.3d 56, 69 (2d Cir. 2018) (quoting Fed. R. Evid. 403).  "[S]o long as the district court has conscientiously balanced the proffered

evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006).

Campos's first proposed witness, Christopher Meatto, was prepared to testify that (1) even though he was an experienced attorney, he perceived the business as legitimate; (2) he was unaware of any involvement by Campos in any conspiracy after he began representing the business in September 2013; and (3) he found Campos to be credible despite the government's insinuation that Campos misrepresented his legal credentials. The district court concluded that the proposed testimony was irrelevant. We agree.

First, what Meatto knew or believed sheds little, if any, light on what Campos knew or believed. Meatto's knowledge regarding the propriety of the straw buyer scheme is irrelevant because there is no evidence that Meatto's "knowledge was communicated to [Campos]" or that Campos "had been exposed to the same sources from which [Meatto] derived [his] knowledge." *United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (holding that evidence of others' knowledge should only be admitted to indicate the knowledge of another if there is some other evidence in the record from which to conclude that the persons have the same knowledge). Second, Meatto's unawareness of Campos's involvement in the fraudulent scheme is similarly irrelevant because Campos's participation in the conspiracy, enlisting straw buyers between

March and July 2013, predated Meatto's representation of the business starting in September 2013. Third, Meatto's views as to Campos's credibility were inadmissible because Campos's credibility was for the jury to assess based on his testimony, and his competence as a lawyer was not relevant to the issues before the jury. *See United States v. Grinage*, 390 F.3d 746, 750 (2d Cir. 2004) (finding lay opinion testimony inadmissible where the witness merely tells the jury which inferences to draw from the evidence).

Campos also sought to call a second defense witness, Bernie Martins, to testify as to Campos's motivation in assisting one of the enlisted straw buyers in returning her fraudulently obtained vehicles. The district court deemed the evidence irrelevant because the evidence did not tend to show that Campos's actions were "not a cover-up." App'x at 1188. Instead, the district court determined that Campos wanted to introduce the otherwise inadmissible hearsay "to show . . . that in fact [Campos is] a good guy who was trying to make the best out of a bad situation." *Id.* We find no abuse of discretion in the district court's reasoning.

### b. Admissibility of Recorded Conversation Excerpts

The government offered into evidence only six excerpts from eight hours of thirty recorded conversations between Campos and a straw buyer. The district court did not abuse its discretion in precluding Campos from introducing more of the recordings. Once a party produces all or part of a recorded statement, "an adverse party may require the introduction, at that time, of any other part -- or any . . . recorded

statement -- that in fairness ought to be considered at the same time." Fed. R. Evid. 106. "[E]ven though a statement may be hearsay, an 'omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (quoting *United States v. Castro*, 813 F.2d 571, 575-76 (2d Cir. 1987)).

Here, the district court rejected Campos's assertion that all the recordings were one, long continuing conversation. The district court then determined that the proposed additional excerpts, between Campos and the straw buyer regarding the straw buyer's possible conversations with government investigators, were not related to or necessary to explain the excerpts that the government introduced. Rather, the government offered its excerpts for a limited purpose: the falsity of the assertion that the fraudulently obtained cars were for personal rather than business use. In substance, the district court concluded that Campos could not use the completeness rule as an end-run around the hearsay rule. We conclude that the district court's ruling was not arbitrary or irrational, and the district court did not abuse its discretion in excluding the proposed additional excerpts.

* * *

We have considered Campos's remaining arguments and find them to be

without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk